IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL CHENG, ) | |
| ) | |
| Plaintiff, ) | Case No. 22 CV 2704 |
| ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| CONTINENTAL CLASSIC MOTORS, ) | |
| INC., a/k/a/ Continental Auto Sports, ) | |
| an Illinois Corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Paul Cheng brings this two-count complaint against defendant Continental Classic Motors, Inc., a/k/a Continental Auto Sports ("Continental"), for breach of contract. Count I seeks specific performance under the Uniform Commercial Code ("UCC") section 2-716. In the alternative, Count II seeks monetary damages under UCC 2-713. Defendant brings the instant motion to dismiss Count I pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and to dismiss Count II pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction (Doc. 5). For the reasons stated below, the court grants in part and denies in part defendant's motion.

## BACKGROUND

Defendant sells high-end automobiles and, according to plaintiff, executed a signed contract with plaintiff for the sale of a rare Ferrari F8 Tributo ("the Ferrari" or "the automobile"), VIN ZFF92LLA2L0258094, on March 3, 2022. According to plaintiff, the contract price was $475,994.25—although according to defendant, the true contracted sales price was $443,200 before incorporating sales tax, warranty, document fees, etcetera. Plaintiff indicates that "[t]he

Ferrari F8 is [an] extremely rare and unique automobile and is 1 of 1 in the world," given that "[i]t was the only new/untitled Rosso Fiorano color available (or likely ever manufactured)." Ferrari allegedly no longer makes this automobile. Plaintiff indicates that he was "ready, willing, and able to buy the automobile in full with cash," but that defendant's salesman, Sean Rudy ("Rudy"), "told him to hold off until after the weekend." According to plaintiff, on either March 3, 2022, or March 4, 2022, Rudy called plaintiff and inquired about financing, and plaintiff reiterated that financing was unnecessary because he would pay with cash.

On March 5, 2022, at approximately 9:00 p.m., plaintiff claims that Rudy called him and said "that the automobile had allegedly been sold to another buyer" by defendant's sales manager. The sales manager later called plaintiff and "claimed that another alleged buyer, [who] was a prior customer of Continental, came into the [sic] two days after The Contract between Cheng and Continental was signed and bought the automobile at that time." According to defendant, the subsequent purchaser bought the automobile for $445,400.

On March 21, 2022, plaintiff, through counsel, allegedly sent a letter to defendant, demanding that defendant complete their contract as signed. Although defendant's counsel subsequently contacted plaintiff's counsel, "no specific performance remedy or other resolution resulted." Plaintiff then filed the instant complaint in federal court pursuant to its diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Defendant moves the court to dismiss this complaint. Defendant attaches an affidavit from Joel K. Weinberger, a "dealer principal of Continental," to show that the vehicle was sold to another customer, in addition to attaching a redacted purchase order and invoice of the sale.

## LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must allege sufficient

2

factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Fed. R. Civ. Pro. 12(b)(6). For a claim to have "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In contrast, to survive a motion to dismiss under Rule 12(b)(1), the plaintiff must show that the court has subject matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1). Subject matter jurisdiction is a court's authority to hear cases of a particular type. Diversity jurisdiction is a type of subject matter jurisdiction that allows a federal court to hear a case or controversy regarding state law when the case is between citizens of diverse citizenship. 28 U.S.C. § 1332(a). To establish diversity jurisdiction, the opposing parties must be citizens of different states, and the plaintiff must plead an appropriate amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a).

## DISCUSSION

Defendant moves to dismiss on two grounds. First, defendant argues that plaintiff fails to state a claim under Rule 12(b)(6) in Count I. Second, defendant argues that plaintiff does not establish subject matter jurisdiction under Rule 12(b)(1) in Count II. For the purposes of its motion, defendant assumes, without admitting, that there was a valid contract between the parties. The court also assumes, without deciding, that there was a valid contract for the purposes of evaluating defendant's motion.[1]

---

[1] Because defendant clearly states that it assumes a valid contract only for the purposes of the motion to dismiss, the court rejects plaintiff's assertion that defendant "fully admits" that it breached their valid contract. Defendant

3

This court begins its evaluation of the instant motion by addressing defendant's motion to dismiss Count I pursuant to Rule 12(b)(6) for failure to state a claim. The parties do not dispute that this court has diversity jurisdiction over Count I, in which plaintiff argues that he is entitled to specific performance pursuant to UCC 2-716, which Illinois adopted in 810 ILCS 5/2-716.[2] Specific performance is an equitable remedy that requires a defendant to perform an affirmative act to fulfill a contract. See generally Phelps v. Illinois Cent. R. Co., 63 Ill. 468 (1872). Courts generally disfavor granting specific performance unless monetary damages are inadequate. See Miller v. LeSea Broad., Inc., 87 F.3d 224, 230 (7th Cir. 1996).

Under 2-716, however, Illinois law provides a remedy of specific performance "where the goods are unique or in other proper circumstances." 810 ILCS 5/2-716(1). Courts can order specific performance for unique goods with "such terms and conditions as to payment of the price, damages, or other relief as the court may deem just." 810 ILCS 5/2-716(2). Plaintiff alleges that the Ferrari is "a one of kind [sic] automobile and would be considered unique." The court agrees that plaintiff has plausibly alleged that the automobile is "unique" as contemplated by 2-716(1).

Plaintiff seeks two distinct forms of specific performance. He claims that defendant breached their contract when it did not sell him the automobile and asks the court to order defendant to sell the Ferrari to him under the terms of the contract. First, because plaintiff

---

maintains its ability to challenge contract formation and validity. Moreover, because the court does not consider defendant's affidavit in ruling upon defendant's motion to dismiss under Rule 12(b)(6), it does not accept plaintiff's argument that defendant admitted its alleged breach "via the improper affidavit." Plaintiff does not get to pick and choose when the affidavit is properly considered to evaluate this motion under 12(b)(6). As discussed below, however, the court properly considers the affidavit to evaluate defendant's motion under Rule 12(b)(1).

[2] The court notes that when a plaintiff does not seek monetary damages, courts evaluate the amount in controversy based on the value of the object of the litigation. See Hunt v. Washington State Apple Advertising Comm., 432 U.S. 333, 347 (1977); see also Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993). This means that courts find a sufficient amount in controversy if the defendant's cost of compliance, including losses and expenses, exceeds $75,000. Hunt, 432 U.S. at 347–48. In the instant case, because the value of the disputed property (the Ferrari) undisputedly exceeds $75,000, the court has jurisdiction over Count I.

4

disputes that defendant sold the car to someone else in the first place, plaintiff moves the court to simply order defendant to hand over the car. Plaintiff disputes the sale because defendant "refuses to provide any proof or confirmation of such sale." In the alternative, if defendant did sell the car, plaintiff claims that he is still entitled to specific performance. He seeks a decree that defendant must retrieve the automobile from the alleged purchaser and sell it to plaintiff at their contract price, citing Ruddock v. First National Bank of Lake Forest, 201 Ill. App. 3d 907, 914 (2d Dist. 1990) ("[I]t has long been held that every subsequent purchaser, with notice, becomes subject to the same equities as the party from whom he purchased and, although not personally liable, may be compelled to perform any contract of his vendors," citing Stein v. Green, 6 Ill.2d 234, 241 (1955)).

Defendant argues that Count I fails to state a claim for specific performance for two reasons: (1) the automobile is not in defendant's possession, and (2) plaintiff alleges no facts regarding the actual purchaser's notice of plaintiff's claim. According to defendant, it is an "uncontroverted" fact that defendant does not possess the Ferrari. Defendant argues that plaintiff admits that he is aware that defendant sold the Ferrari to another customer, and that he was aware of this sale at the time of filing the complaint. Defendant uses its attached affidavit, along with the redacted purchase order and invoice, to support its argument.

The court, however, does not rely on defendant's affidavit while evaluating defendant's 12(b)(6) motion because defendant uses the affidavit to introduce evidence that extends beyond the face of the complaint. On a motion to dismiss under Rule 12(b)(6), the court is limited to evaluating the plausibility of plaintiff's factual allegations. Defendant cannot argue for dismissal under 12(b)(6) based on factual allegations introduced only by its own affidavit, especially where they are inconsistent with plaintiff's allegations, which the court views in a favorable manner.

On the other hand, the court agrees with defendant that plaintiff's allegation that defendant presently possesses the Ferrari is not plausible. Although the court does not find, as defendant argues, that plaintiff "admits" that defendant sold the Ferrari, the court also does not find that plaintiff's allegation of present possession until proof of sale crosses the line from conceivable to plausible. Plaintiff indicates that both Rudy and the sales manager called him and informed him that the Ferrari was sold. It is not plausible to conclude that defendant did not actually sell the car without specific factual allegations suggesting bad faith or deceit. See, e.g., Schweber v. Rallye Motors, Inc., 1973 WL 21434, 12 UCC Rep. Serv. 1154, 1154 (N.Y. Sup. Ct. Aug. 10, 1973) (granting specific performance where the plaintiff alleged deliberately misleading conduct and false representations to "entice" the plaintiff into cancelling the contract before breaching it).

The court, however, cannot dismiss Count I unless it also rejects plaintiff's second argument for specific performance, which, according to defendant, rises or falls depending on whether the subsequent Ferrari buyer was a bona fide purchaser. Defendant urges the court to dismiss Count I because plaintiff has not claimed that the "actual" (i.e., subsequent) purchaser of the Ferrari had notice of plaintiff's alleged right to the automobile. Defendant argues that "[i]n fact, everything points to the subsequent purchaser being a bona fide purchaser," or an individual who took title to the property in good faith for value without notice of outstanding rights or interests of others. See, e.g., Daniels v. Anderson, 162 Ill. 2d 47, 57 (1994). Bona fide purchasers are not subject to specific performance because they take title free from any interests of third persons except those of which they have notice. Id.

The court finds that defendant's bona fide purchaser argument is an affirmative defense to plaintiff's breach of contract claim, and the Seventh Circuit has determined that "courts should

6

usually refrain from granting Rule 12(b)(6) motions on affirmative defenses." Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012). Affirmative defenses raise matters outside the scope of the plaintiff's prima facie case. Id. The court concludes that defendant's bona fide purchaser argument extends beyond plaintiff's prima facie case because even if plaintiff's allegations are true (i.e., that defendant breached the parties' valid contract, and that the Ferrari is a unique product), specific performance likely would be inappropriate if the subsequent Ferrari purchaser was a bona fide purchaser. See Ruddock v. First National Bank of Lake Forest, 201 Ill. App. 3d 907, 915 (2d Dist. 1990). Because the court does not consider defendant's affirmative defense at this stage, the court cannot dismiss Count I for specific performance on this basis.[3] As discussed above, the court still rejects plaintiff's allegation of present possession as implausible, although it does not dismiss Count I as a whole.

Next, the court considers defendant's argument that the court should dismiss Count II under Rule 12(b)(1) for lack of subject matter jurisdiction. In Count II, plaintiff alleges breach of contract and seeks monetary damages pursuant to UCC 2-713, which Illinois adopted in 810 ILCS 5/2-713. Under 2-713, "the measure of damages for non-delivery or repudiation by the seller is the difference between the market price at the time when the buyer learned of the breach and the contract price together with any incidental and consequential damages." 810 ILCS 5/2-713(1). Accordingly, plaintiff claims that the appropriate measure of damages for a unique automobile, as here, is the difference between the contract price ($475,994.25) and the unspecified market price of the automobile, citing Bander v. Grossman, 611 N.Y.S. 2d 985 (Sup. Ct. 1994). As discussed above, plaintiff seeks damages in the alternative (i.e., plaintiff seeks monetary damages only if the court denies specific performance).

---

[3] Thus, the court reserves judgment on whether it would accept defendant's affirmative defense at a motion for summary judgment. See Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012).

Defendant argues that the court should dismiss Count II because it finds that plaintiff alleges damages below $75,000, the amount in controversy threshold to establish diversity jurisdiction in federal court. Defendant disagrees with plaintiff's use of $475,994.25 as the "operative number" for damages because it improperly includes sales tax, warranty, document fees, and other miscellaneous fees. Rather, defendant argues that damages calculations should use the contracted sales price ($443,200) and the eventual sales price ($445,400). According to defendant, the pleaded relief is $2,200 (the difference between the eventual sales price ($445,400) and the contracted sales price ($443,200)).

Generally, courts determine the amount in controversy based on the face of the complaint. See United Phosphorus Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003), overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc., 683 F.3d 845 (7th Cir. 2012). If subject matter jurisdiction is not evident on the face of the complaint, the court evaluates the defendant's 12(b)(1) motion "as any other motion to dismiss, by assuming for the purposes of the motion that the allegations in the complaint are true." United Phosphorus, 322 F.3d at 946. On the other hand, if the complaint is "formally sufficient but the contention is that there is in fact no subject matter jurisdiction," then the court can consider "affidavits and other material" that support the motion. Id. (Emphasis in original).

In the instant case, the court finds that defendant is challenging plaintiff's allegation of subject matter jurisdiction in fact. Accordingly, the court can consider defendant's attached affidavit to help determine the amount in controversy. Conversely, to avoid dismissal, plaintiff must support his assertion of subject matter jurisdiction with "competent proof" that establishes the jurisdictional facts by a preponderance of the evidence. See McMillian v. Sheraton Chi. Hotel & Towers, 567 F.3d 839, 844 (7th Cir. 2009). The court can dismiss the complaint only if

it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 282, 289 (1938).

The court finds that the instant case presents an atypical circumstance, in which defendant seeks to dismiss only one count in a multiple-count complaint for lack of jurisdiction. Further, determining the amount in controversy for the instant case is more complicated than in a typical case because plaintiff moves first for specific performance and then moves for damages in the alternative. The court recognizes that it is the case, not the claim, that determines subject matter jurisdiction. Johnson v. Wattenbarger, 361 F.3d 991, 993 (7th Cir. 2004). Because, however, plaintiff seeks Counts I and II in the alternative, it would be inappropriate to aggregate the relief sought in both counts to evaluate the amount in controversy.

Thus, the court independently evaluates the amount in controversy for Count II and ultimately grants defendant's motion to dismiss Count II for lack of subject matter jurisdiction. The court agrees with defendant that there is not an appropriate amount in controversy. Plaintiff does not specify a market price for the Ferrari in his complaint, and he has not provided evidence to suggest that the difference between the contracted sales price and market price of the car is any higher than $2,200. Using defendant's attached affidavit and invoice, the court finds that dismissal of Count II is appropriate because, based on plaintiff's factual allegations, the amount in controversy does not exceed $75,000. The court gives plaintiff leave to amend his complaint to seek the court's supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a).

## CONCLUSION

For the reasons stated above, the court grants in part and denies in part defendant's motion to dismiss the complaint (Doc. 5). The court denies defendant's motion to dismiss Count I. The court grants defendant's motion to dismiss Count II without prejudice. Plaintiff is given

9

leave to file an amended Count II in accordance with this court's decision on or before December 29, 2022. Defendant is directed to answer to the amended complaint on or before January 23, 2023.

                                   **ENTER:**

                                   *[signature]*

                                   **Robert W. Gettleman**
                                   **United States District Judge**

**DATE: December 5, 2022**